**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KEVIN D. HAMLET,            )<br>                                              )<br>             Petitioner,       )<br>v.                                          )<br>                                              )<br>SUPERINTENDENT, Plainfield )<br> Correctional Facility,             )<br>                                              )<br>             Respondent.     ) | No. 1:06-cv-1429-SEB-VSS |

**Entry Discussing Petition for Writ of Habeas Corpus**

"We should not be too ready to exercise oversight and put aside the judgment of prison administrators; it may be that a constitutional challenge to a disciplinary hearing such as [this] will rarely, if ever be successful." *Ponte v. Real,* 471 U.S. 491, 499 (1985) (citation omitted). Petitioner Hamlet's challenge to a disciplinary proceeding identified as No. IYC 06-05-0062 does not present one of the rare challenges to which *Ponte* refers. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

   1.   On May 10, 2006, Correctional Officer Wiseheart prepared a conduct report charging Hamlet with the unauthorized possession of state property or property belonging to another. After being supplied with a copy of the written charge and notified of his procedural rights, Hamlet was found guilty at a hearing and was sanctioned. Contending that the proceeding was constitutionally infirm, Hamlet now seeks a writ of habeas corpus.

   2.   A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

      3.      "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Hamlet was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

      4.      Using the protections recognized in *Wolff* as an analytical template, Hamlet received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Hamlet was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board and reviewing authority issued a sufficient statement of their findings, and (3) the conduct board and the reviewing authority issued a written reason for their decisions and for the sanctions which were imposed. With respect to the sufficiency of the evidence, the evidence favorable to the conduct board's decision showed that on the early afternoon of May 9, 2006, while conducting an inventory search of the cell to which Hamlet was assigned, Officer Wiseheart found a bowl of cheese, a bag of cheese, a container of butter and a jar of sugar. Hamlet was not authorized to have these items in his cell. This information constituted "some evidence" of Hamlet's guilt of the infraction with which he was charged and thus satisfies the requirements of due process. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented").

      5.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Hamlet to relief. His claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes his claims that he was unable to present evidence which he requested, that there was insufficient evidence to find him guilty, that there were violations of pertinent prison regulations in the matter, and that the sanctions imposed were excessive. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 01/26/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana